IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLEN COMISKEY, | ) |
| Plaintiff, | ) ) ) |
| -vs.- | ) PLAINTIFF DEMANDS ) TRIAL BY JURY ) |
| KIRBY LESTER, LLC | ) ) ) |
| Defendant. | ) |

## COMPLAINT

PLAINTIFF, ELLEN COMISKEY, through her attorney, Richard J. Gonzalez/ Chicago-Kent College of Law, complaining of DEFENDANT, KIRBY LESTER, LLC, alleges as follows:

### Nature of Action, Jurisdiction, and Venue

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to the PLAINTIFF by virtue of the Age Discrimination in Employment Act, 29 U.S.C.§ 621 et seq. ("ADEA") and the FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court's Jurisdiction is invoked pursuant to the provisions of the ADEA, the FMLA, and 28 U.S.C. §§ 1343.

3. Venue is proper pursuant to 28 U.S.C. §1391 (b).

4. PLAINTIFF met all administrative prerequisites to maintenance of this suit in that she timely filed a charge of unlawful age discrimination with the Equal Employment Opportunity Commission on April 18, 2014. PLAINTIFF is eligible to file the complaint 60 days following that date, and files within the statute of limitations of the FMLA.

## Parties

5. PLAINTIFF is a female citizen of the United States of America born January 4, 1949 who resides within this judicial district. For a period of time in excess of 4 years, from May 4, 2009 until December 6, 2013, PLAINTIFF was a full-time employee of DEFENDANT.

6. DEFENDANT, upon information and belief, is and was at all times an employer within the meaning of the ADEA and the FMLA.

## Facts

7. PLAINTIFF was employed by DEFENDANT from May 4, 2009 until her termination on or about December 6, 2013, at which time she held the job title of "Controller."

8. PLAINTIFF'S salary level at the time of her termination was a direct consequence of her age and employment history and her performance at all times met DEFENDANT'S legitimate performance expectations.

9. Throughout PLAINTIFF'S employment with DEFENDANT, PLAINTIFF received several positive reviews of her job performance from DEFENDANT, including vocal and email communications by PLAINTIFF'S managers, who correspondingly augmented her current salary with salary increases to reflect her positive performance.

10. From July 29, 2013 to September 27, 2013, PLAINTIFF exercised her rights to time away from work guaranteed to her by the Family and Medical Leave Act ("FMLA") in order to recover from a severe concussion and tail bone injury suffered at home. As verified by PLAINTIFF'S doctor and insurance records, PLAINTIFF was entitled to 9 weeks of FMLA leave. Pursuant to PLAINTIFF's granted FMLA leave, PLAINTIFF worked for zero hours from July 29, 2013 to August 28, 2013; then PLAINTIFF returned to work 4 hours on August 29, 2013 and gradually increased her hours by working up to 8 hours per day through September 27,

2013 until PLAINTIFF'S physician granted PLAINTIFF a full medical release for employment on September 30, 2013.

11. During her absence, PLAINTIFF was requested by DEFENDANT to perform tasks associated with her role as Controller. PLAINTIFF performed these tasks despite her health condition and despite the fact that she was on an approved FMLA medical leave.

12. On or about December 6, 2013, after returning to work, PLAINTIFF was informed that her "Controller" position had been eliminated. Consequently, she was terminated from her employment.

13. PLAINTIFF reached the age of 65 years in or about one month after her termination.

## COUNT I: Age Discrimination in Violation of ADEA

14. PLAINTIFF incorporates by reference paragraphs 1-13 as though fully set out herein.

15. DEFENDANT'S stated reason for PLAINTIFF'S termination was false and constituted a pretext for age discrimination, in that DEFENDANT did not and could not eliminate the duties performed by a Controller.

16. In terminating PLAINTIFF's employment, DEFENDANT treated PLAINTIFF differently and less favorably than it treated similarly-situated younger less qualified employees who were not terminated and – to the extent that DEFENDANT eliminated PLAINTIFF's position, DEFENDANT retained younger, less qualified employees in positions which PLAINTIFF was better qualified to fill.

17. DEFENDANT was under a duty to conduct and implement its personnel decisions in a nondiscriminatory manner without regard to age.

18. The foregoing conduct constituted unlawful age discrimination in violation of 29 U.S.C. § 621 et seq.

19. The foregoing facts constituted a "willful" violation of 29 U.S.C. § 621 in that DEFENDANT, through its agents, either knew or showed reckless disregard for the matter of whether its conduct was prohibited by 29 U.S.C. § 621 et seq.

### **Damages**

20. As a proximate result of the foregoing facts, PLAINTIFF suffered the loss of her job, lost wages, the value of lost benefits, and incidental damages.

WHEREFORE, PLAINTIFF prays for relief in the form of an order:

    A. Reinstating her into her prior or comparable position;

    B. Ordering DEFENDANT to cease and desist from discriminating against its employees on the basis of age;

    C. Awarding her lost wages, incidental expenses, and value of her lost benefits;

    D. Awarding her an additional amount equal to the amount of her lost wages, incidental expenses, and the value of her lost benefits as liquidated damages;

    E. Awarding her attorney's fees and all costs and expenses of this litigation; and

    F. Such other relief as this Court deems just and appropriate.

### **COUNT II: Failure to Reinstate Violation under the FMLA**

21. PLAINTIFF incorporates by reference paragraphs 1-20 as though fully set out herein.

22. As of July 29, 2013 at which time PLAINTIFF began her FMLA leave, PLAINTIFF in fact suffered from medical conditions sufficient to qualify her for FMLA protection. PLAINTIFF was employed by DEFENDANT for longer than a one-year period and she had

worked in excess of 1,250 hours during the prior year; and was otherwise qualified for the protections of the FMLA.

23. DEFENDANT'S termination of PLAINTIFF'S employment constituted a violation of its duties to reinstate PLAINTIFF to her prior or a comparable position.

24. During and prior to the period July 29, 2013 to September 27, 2013, PLAINTIFF detrimentally relied upon DEFENDANT'S previous assurances that she was on an approved FMLA leave with a duration of 9 weeks, and DEFENDANT is estopped from claiming that PLAINTIFF was not on an approved FMLA leave during said period.

25. The foregoing conduct constitutes a willful violation of the FMLA in that, despite PLAINTIFF'S entitlement to the FMLA, DEFENDANT terminated her employment in violation of its clear duty under the FMLA to reinstate her to her prior or a comparable position.

26. As a proximate result of the foregoing facts, PLAINTIFF suffered loss of her job in addition to lost wages and benefits.

WHEREFORE, PLAINTIFF requests that this Court:

    A. Enter judgment finding that DEFENDANT'S refusal to restore PLAINTIFF to her prior or comparable position upon her return to work constituted a violation of the FMLA;

    B. Reinstate PLAINTIFF to her previous position;

    C. Award PLAINTIFF her lost wages, value of lost benefits and other monetary losses caused by DEFENDANT'S unlawful termination of her employment;

    D. Award PLAINTIFF an additional equal amount as liquidated damages;

    E. Award PLAINTIFF reasonable attorney's fees and costs of this action; and

    F. Such other relief as this Court deems just and appropriate.

## COUNT III: Interference with FMLA Rights

27. PLAINTIFF repeats and realleges paragraphs 1-26 and incorporates same by reference.

28. The foregoing conduct constitutes interference with PLAINTIFF'S exercise of her protected rights under the FMLA.

29. For the foregoing reasons, DEFENDANT'S conduct constitutes a willful violation of the FMLA.

WHEREFORE, PLAINTIFF requests that this Court:

    A.    Enter judgment finding that DEFENDANT'S refusal to restore PLAINTIFF to her prior or comparable position constituted a violation of the FMLA;

    B.    Reinstate PLAINTIFF to her previous position;

    C.    Award PLAINTIFF her lost wages, value of lost benefits and other monetary losses caused by DEFENDANT'S unlawful termination of her employment;

    D.    Award PLAINTIFF an additional equal amount as liquidated damages;

    E.    Award PLAINTIFF reasonable attorney's fees and costs of this action; and

    F.    Such other relief as this Court deems just and appropriate.

## COUNT IV: Retaliation for Having Exercised FMLA Rights

30. Plaintiff repeats and realleges paragraphs 1-29 and incorporates same by reference as though fully set out herein.

31. The foregoing conduct constitutes retaliation against PLAINTIFF for having exercised her rights under the FMLA.

32. For the foregoing reasons, DEFENDANT'S conduct constitutes a willful violation of the FMLA.

WHEREFORE, PLAINTIFF requests that this Court:

    A.    Enter judgment finding that DEFENDANT'S refusal to restore PLAINTIFF to her prior or comparable position constituted a violation of the FMLA;

    B.    Reinstate PLAINTIFF to her previous position;

    C.    Award PLAINTIFF her lost wages, value of lost benefits and other monetary losses caused by DEFENDANT'S unlawful termination of her employment;

    D.    Award PLAINTIFF an additional equal amount as liquidated damages;

    E.    Award PLAINTIFF reasonable attorney's fees and costs of this action; and

    F.    Such other relief as this Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

By:    s/Richard J. Gonzalez
        Attorney for Plaintiff

RICHARD J. GONZALEZ
Chicago-Kent College of Law
565 W. Adams Street
Suite 600
Chicago, Illinois 60661
(312) 906-5079